```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
Joseph Korb and Lynne Federman,,          :        03 Civ. 10333 (CSH)
                                          :
                    Petitioners,          :
        -against-                         :        MEMORANDUM AND ORDER
                                          :
_____:
Merrill Lynch, Pierce, Fenner & Smith, Inc., and :
Frederic Sherrill,                        :
                    Respondents.          :
-------------------------------------------------------------- x
```

HAIGHT, Senior District Judge:

    This action is before the Court on respondents' motion for reconsideration of their cross-motion to confirm a National Association of Securities Dealers ("NASD") arbitration award. In a prior opinion and order, familiarity with which is assumed, this Court dismissed for lack of subject matter jurisdiction both respondents' cross-motion and petitioners' petition seeking to vacate the NASD arbitration award.

    Respondents filed their motion for reconsideration alleging that the Court's finding of lack of complete diversity between petitioners and respondents was in error and that the Court overlooked allegations in respondents' cross-motion that demonstrate complete diversity. Neither the pleadings nor respondents motion for reconsideration adequately alleges diversity of citizenship. I therefore directed the submission of affidavits by all parties giving details necessary to demonstrate citizenship.

    I now review the record before the Court to determine whether complete diversity exists between petitioners and respondents. Petitioners Joseph Korb and Lynn Federman each submit an affidavit supporting the allegation in their pleadings that they are citizens of New Jersey. Petitioners attest to the fact that they have resided in New Jersey since 1986, and have, since that time, never

resided in any other state. Federman Decl. ¶¶ 2-5; Korb Decl. ¶¶ 2-5. Petitioners are thus domiciliaries of New Jersey. Respondent Merrill Lynch submits an affidavit affirming that Merrill Lynch is incorporated in Delaware with its principal place of business in New York. Lamaina Decl. ¶ 3. Respondent Frederic Sherrill's affidavit, however, presents a more complicated question as to his citizenship. Sherrill alleges facts establishing that he has maintained residences in both Pennsylvania and New Jersey. Thus the question of diversity jurisdiction hinges upon a determination of Sherrill's citizenship.

For purposes of diversity jurisdiction, citizenship of individual parties depends upon their places of domicile. Even though a party may have several places of residence, he or she may have only one domicile at a given time. *Chappelle v. Beacon Communications Corp.*, 863 F.Supp. 179, 181 (S.D.N.Y. 1994). "Domicile has been described as the place where a person has 'his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998) ( quoting 13B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure,* §3612 at 526 (2d ed. 1984) (hereinafter "Wright, Miller & Cooper"). Therefore it is possible to reside in one location and be domiciled in another. *See Sadesky v. Liberty Chevrolet, Inc.*, No. 04-CV-1894, 2005 WL 1026326 at *2 (S.D.N.Y. May 3, 2005) (citing *Young v. Century House Historical Soc'y*, 117 F.Supp.2d 277, 280 (N.D.N.Y. 2000)). "Domicile requires (1) the party's physical presence in the state; (2) the intent to remain in that state indefinitely." *National Artists Management Company, Inc. v. Weaving*, 769 F.Supp. 1224, 1227 (S.D.N.Y. 1991). Where a party maintains more than one residence, the court should focus on that party's intent. *Id.* A court must consider the entire course of a person's conduct in order to determine the relevant intent. *Id.* (quoting *Brignoli v. Balch, Hardy & Scheinman, Inc.*,

696 F.Supp. 37, 41 (S.D.N.Y. 1988)). Factors that courts often consider include: voting registration and voting practices, location of real and personal property, location where taxes are paid, location of brokerage and bank accounts, driver's and other licenses, membership in churches, clubs, and associations, whether the person owns or rents his place of residence, and locations of the person's physician, lawyer, accountant, dentist, or stockbroker. *Chappelle v. Beacon Communications Corp.*, 863 F.Supp. at 181; *See* 13B Wright, Miller & Cooper §3612 at 530-31. "A 'totality of the evidence' approach is called for, and no single factor is conclusive, although the residence of a married person's spouse and children (if the couple has not separated) is given considerable weight." *National Artists Management Co. V. Weaving*, 769 F.Supp. at 1228. Once a party has established a domicile, he is presumed to retain it unless it can be shown that he has established a new domicile. *Id.* The party invoking the federal court's jurisdiction bears the burden of proving facts to establish jurisdiction. *Linardos v. Fortuna*, 147 F.3d at 947.

The facts presented in Sherrill's declaration are as follows. In May 2003, several months before the December 31, 2003 filing (the "Filing Date") of the petition in this action, Sherrill moved from New Jersey to Pittsburgh to begin working for a Pittsburgh employer. Sherrill Decl. ¶¶ 3-4. Sherrill was physically present in Pennsylvania during the work week and on many weekends. *Id*. From the time of his move until the time of filing, Sherrill rented a house in Pittsburgh pursuant to a full-year lease. *Id.* at ¶ 5. Sherrill moved furniture, dishes, a bicycle, clothing, and paintings to Pittsburgh in May 2003, and as of the Filing Date his car was physically located in Pittsburgh. *Id.* at ¶ 4.

Meanwhile, Sherrill's wife and children remained in New Jersey. *Id.* at ¶ 7. His voter registration and synagogue remained in New Jersey. *Id*. at ¶ 13. As of the Filing Date, he maintained

a New Jersey driver's license. *Id.* at ¶ 8. Sherrill's federal, Pennsylvania, and New Jersey tax returns for both 2003 and 2004 listed a New Jersey address as his place of residence. *Id.* at ¶ 14. All of the above points strongly toward New Jersey as Sherrill's state of domicile. Sherrill's spouse and children were in New Jersey throughout the entire period from his move to Pennsylvania up to the Filing Date, and indeed, Sherrill's affidavit indicates that even today they have not joined him in Pennsylvania. *Id*. at ¶ 7. He appears to have continued to exercise his civic and political rights in New Jersey–where he remained registered to vote and maintained his place of religious worship. Sherrill never transferred these critical citizenship activities to Pennsylvania. Nor did respondent purchase a residence in Pittsburgh. *Id*. at ¶¶ 5-6. On these facts it appears that respondent accepted an offer of work located in Pittsburgh and proceeded to lease a Pennsylvania residence for the convenience of work. His domicile, however, remained New Jersey, where his wife, children, residence, voter registration, and various social affiliations were located. A change in residence for convenience in working conditions does not, without more, demonstrate a change in domicile. *See Broadstone Realty Corp. v. Evans*, 213 F.Supp. 261, 265 (S.D.N.Y. 1962); *Messick v. Southern Pennsylvania Bus Co.,* 59 F.Supp. 799 (E.D.P.A. 1945).

To support his contention that he became a domiciliary of Pennsylvania, Sherrill attests to certain facts that point toward Pennsylvania citizenship. As of the Filing Date, Sherrill maintained three checking accounts and a line-of-credit in Pennsylvania. Sherrill Decl., ¶ 9. Additionally his internist and his health club were located in Pennsylvania. *Id.* at ¶ 11-12. Finally, Sherrill's securities broker registration form listed a residential address in Pittsburgh as Sherrill's home address. *Id.* at ¶ 10. These facts, taken as a whole, indicate that Sherrill's move was one undertaken as a necessity of employment and to further his convenience in working conditions. Employed in Pittsburgh,

Sherrill took up temporary local accommodations, and proceeded to move personal belongings, such as furniture and a bicycle, that would allow him to live conveniently in Pittsburgh. Present in Pittsburgh during the work week, Sherrill joined a health club near his work and obtained an internist there. In contrast, his synagogue membership and dentist remained in New Jersey. He also had a money market account in New Jersey. Sherrill Decl., ¶ 9. The only official documentation that lists a Pittsburgh address as Sherrill's residence is his employment-related securities broker registration. In contrast, all of his tax returns, including his Pennsylvania tax return, list a New Jersey address as Sherrill's residence.

On these facts, the Court concludes that Sherrill remained a domiciliary of New Jersey at the time of filing. This being so, there is clearly a lack of perfect diversity between adverse parties. Accordingly, respondents' motion for reconsideration is denied.

It is SO ORDERED.

Dated: New York, New York
February 7, 2006

CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE